IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DOROTHY A. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV372 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

On April 6, 2018, the United States Magistrate Judge filed a Memorandum Opinion recommending that the Defendant's decision of no disability be affirmed. Doc. 17. Notice was served on the parties pursuant to 28 U.S.C. § 636. Plaintiff timely filed objections, Doc. 19, and the Defendant responded. Doc. 20. The Court has reviewed Plaintiff's objections *de novo*.

In every way but one, the Court agrees with the Recommendation and adopts it. The ALJ's decision establishes that he relied on the treating physician's advice to Plaintiff to "move around" as a basis for two conclusions: one, that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with other evidence and two, that Plaintiff could perform light work. There is certainly nothing wrong with using this evidence to support the first conclusion, and there was other evidence as well to support this conclusion. Viewing all of the evidence and the ALJ's opinion as a whole, this was not error.

Using this evidence to support a conclusion that Plaintiff could do light work, however, is unjustified in the circumstances of this case.

In a medical note from July 2014, Plaintiff's treating physician noted that physical examination showed that Plaintiff's spine "seems stiff," Doc. 9-3 at 28, and advised Plaintiff to "[t]ry to avoid sitting around all the time, move around to help avoid stiffness." Doc. 9-3 at 29. On another occasion thereafter[1], the physician noted that Plaintiff is "sedentary" but "[h]as been trying to be more active." Doc. 9-3 at 91.

Nothing in either report indicates that Plaintiff can frequently lift or carry objects weighing up to 10 pounds, walk or stand a good deal, or push and pull arm or leg controls. 28 C.F.R. 416.967(b) (regulation defining light work). A passing statement that someone should "move around to help avoid stiffness" is virtually meaningless in connection with whether someone can do light work on a consistent full-time basis day in and day out.

Indeed, the ALJ refused to credit the opinion of the same treating physician saying that Plaintiff should be approved for disability because the treating physician "provides no statement or even indication regarding the claimant's functional limitations," Doc. 9 at 23, and that the opinion's probative value was reduced because it did not provide "some indication of limitations in vocationally relevant terms." *Id.* Yet the ALJ did not explain why the treating physician's advice that Plaintiff "move around" – which also did not

---

[1] The date of this visit was in December but the year is obscured in the record. Doc. 9-3 at 90-96. From the context, it is clear this visit was after the July 2014 visit when Plaintiff was advised to "move around."

2

contain a statement or indication regarding Plaintiff's functional limitations – <u>was</u> persuasive as to Plaintiff's ability to do light work.  Such inconsistent cherry-picking of the treating physician's opinions and medical records is not entitled to deference by a reviewing court.

The ALJ did cite and rely on other evidence for his findings that Plaintiff could do light work, and the Court is unable to say that the ALJ would have reached the opposite result but for the error in considering the physician's advice to be meaningful on the question of whether Plaintiff can do light work.  For that reason, the Court will remand the case for reconsideration.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Commissioner's decision finding of no disability is **REVERSED**, that Plaintiff's Motion for Judgment on the Pleadings, Doc. 11, is **GRANTED**, that the Commissioner's Motion for Judgment on the Pleadings, Doc. 13, is **DENIED**, and the final decision of the Commissioner is remanded for reconsideration.

This, the 29th day of May, 2018.

                                                UNITED STATES DISTRICT JUDGE